# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUIS BERNARDO GOMEZ,**

      **Plaintiff,**

-vs-                                                                Case No. 6:14-cv-126-Orl-36DAB

**MILLENIUM TRAVEL & TOURS, INC.,**
**and**
**DANIEL O. INGIANNA,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 32)**
>
> **FILED:** October 10, 2014
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

      This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*.

The Court declined an earlier motion seeking approval of the settlement reached in this matter. In prior Report adopted by the District Court, the undersigned noted that the papers were unclear and contradictory and the claim was undefined (Doc. 30). The Court also noted no support for the attorney's fee requested and that the Settlement Agreement included various releases and terms which were extraneous to the matters alleged, or that have been found to be unenforceable in this context. *Id.* The parties seek to rectify these issues in the current renewed motion.

The instant motion avers that "Plaintiff revised his original claim because his statement of claim was based on initial estimates and not the actual pay and time records from Defendant" and that following review of the records, the parties agreed to a payment of $2,000 for alleged wages; $2,000 for liquidated damages; and $2,500.00 for attorney's fees and costs, for a total settlement of $6,500.00.[1] The motion states that the settlement amounts "represent full payment for all wages

---

[1] The Settlement Agreement attached to the original motion states that $1,300 of the settlement sum is for unpaid wages, and $2,700 is for liquidated damages. In this filing, the parties assert that this is a scrivener's error, and the $4,000 settlement payment should in fact be allocated equally between the two categories of damages.

Plaintiff was allegedly owed under the FLSA, without compromise," and therefore judicial scrutiny is not required. Alternatively, the parties contend that the Settlement Agreement, including the attorney's fees, should be approved as fair and reasonable. Finally, because Section 8 of the Settlement Agreement contains a severability provision, to the extent the Court finds that any provision in the Settlement Agreement to be unenforceable (specifically, the general release, the waiver of rights, and the confidentiality provision), the parties ask that the Court sever these unenforceable provisions and approve the remainder of the Settlement Agreement. Upon review, the Court recommends that the motion be **granted** to the extent it seeks approval of the settlement sum, severance of the general release, waiver of rights, and confidentiality provisions, and dismissal of the action, with prejudice.

As for the revised claim, the Court finds no "compromise" to review. Assuming that the Settlement Agreement includes all of the terms agreed to and there are no undisclosed side deals, and accepting the parties' request that the Court sever the unenforceable provisions, the Court finds it is left with an agreement to fully pay Plaintiff all wages owed, as well as liquidated damages and attorney's fees. To the extent review is necessary, the Court finds that full recompense without strings attached is *per se* fair and reasonable. As such, there is no need to review counsel's fees, so long as Plaintiff's counsel does not seek to recover additional fees from Plaintiff's recovery.[2]

It is therefore **respectfully recommended** that the motion be **granted,** the Settlement Agreement, as revised herein, be approved, and the claim be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2] Even if there were a compromise, counsel has not received an excessive fee that might call the compromise into question.

Recommended in Orlando, Florida on October 23, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy